## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

QUINETTE WILLINGHAM,                )
1907 Savannah Place, S.E.           )
Washington, D.C. 20020              )
                                    )
        Plaintiff,           )
                                    )
v.                                  )    Civil Action No. _____
                                    )
LITTON SERVICING COMPANY            )
4828 Loop Central Drive             )
Houston, TX 77081                   )
                                    )
and                                 )
                                    )
AMERICA'S SERVICING COMPANY         )
P.O. Box 1820                       )
Newark, NJ                          )
                                    )
and                                 )
                                    )
EK SETTLEMENTS, INC.                )
10262 Baltimore National Pike       )
Ellicott City, MD 21042             )
                                    )
and                                 )
                                    )
C&O PROPERTY SOLUTIONS              )
14625 Baltimore Avenue              )
#185                                )
Laurel, MD 20707                    )
                                    )
and                                 )
                                    )
WMC MORTGAGE CORPORATION            )
P.O. Box 949                        )
Orange, CA 92856                    )
                                    )
and                                 )
                                    )
STEWART TITLE GUARANTY COMPANY,     )
P.O. Box 2029                       )
Houston, TX 77252                   )
                                    )
        Defendants.          )
_____)

## NOTICE OF REMOVAL

Defendant Wells Fargo Bank, N.A. d/b/a America's Servicing Co. ("Wells Fargo"), by counsel, hereby removes the above matter to the United States District Court for the District of Columbia, in support of which, Wells Fargo states as follows:

1.    This action was filed in the Superior Court of the District of Columbia on December 19, 2007. Plaintiff then filed a Motion for Emergency Order of Court on January 18, 2008, which was denied without prejudice on January 24, 2008. This Notice of Removal is filed pursuant to 28 U.S.C. § 1446(b).

2.    The Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question), in that Plaintiff alleges violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) and Real Estate Settlement Procedures Act 12 U.S.C. §2601 et seq. ("RESPA").

3.    The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship), in that there is complete diversity of citizenship.   The amount in controversy exceeds $75,000.

4.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the Superior Court of the District of Columbia are attached hereto as **Exhibit A**.

5.    After filing this Notice of Removal, Wells Fargo shall this day file a copy with the Clerk of the Superior Court for the District of Columbia a Notice of Filing of Notice of Removal and give prompt written notice thereof by service to all other parties.  See 28 U.S.C. § 1446(d).

WHEREFORE, Wells Fargo in accord with the requirements set forth in 28 U.S.C. § 1446, removes this action to the United States District Court for the District of Columbia.

Respectfully submitted,

Dated: February __4th__, 2008

_Ber Sl_

Amy S. Owen (Bar #411601)
aowen@cochranowen.com
Ben Selan (Bar #495232)
bselan@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA  22182
Ph:  (703) 847-4480
Fx:  (703) 847-4499

Counsel for Wells Fargo Bank, N.A. d/b/a
America's Servicing Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was sent, this _4th_ day of February, 2008 via first class mail, postage prepaid, to the following:

William S. Bach, Esq.
717 D. Street, N.W. #400
Washington, D.C. 20004
Ph: (202) 737-2930
*Counsel for Plaintiff*

Daniel J. Tobin
Ballard Spahr Andrews & Ingersoll, LLP
7th Floor
4800 Montgomery Lane
Bethesda, MD 20814
Ph: (301) 664-6200
Fx: (301) 664-6299
*Counsel for Litton Servicing Company*

EK Settlements, Inc.
10262 Baltimore National Pike
Ellicott City, MD 21042

C&O Property Solutions
14625 Baltimore Avenue #185
Laurel, MD 20707

WMC Mortgage Corporation
P.O. Box 949
Orange, CA 92856

Stewart Title Guaranty Company
P.O. Box 2029
Houston, TX 77252

Ben Selan

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

QUINETTE WILLINGHAM,
1907 Savannah Place, S.E.
Washington, DC 20020                    *
            Plaintiff,
Vs.

LITTON SERVICING COMPANY              0008270-07 R (RP)
4828 Loop Central Dr.
Houston, TEXAS 77081-2226    *
            and

AMERICAS SERVICING COMPANY
P.O. BOX 1820
Newark, New Jersey





FILED
CIVIL ACTIONS BRANCH
DEC 1 9 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

            and

EK SETTLEMENTS, INC
10262 Baltimore National Pike
Ellicott City, MD 21042

C&O PROPERTY SOLUTIONS
14625 BALTIMORE AVE. #185
LAUREL, MD 20707

WMC MORTGAGE CORPORATION
P.O. Box 949
ORANGE, CALIFORNIA 92856

STEWART TITLE GUARANTY CompANY
P.O. BOX 2029
HOUSTON, TX 77252

COMPLAINT FOR FRAUD AND DISHONEST TRADE TRANSACTIONS AND
FALISIFACTION OF HUD DOCUMUENTS

The Plaintiff, Quinette M. Willingham, (further referred to as ) Willingham

EXHIBIT
A

Was at all times  a resident of the District of Columbia and the property in question is

1



located at 1907 Savannah Place S.E., Washington, DC 20020. This court has jurisdiction

in all issues presented in this law suit.

Suit is filed by William S. Bach, Esquire and avers the following facts in this

case and true and all the Defendants are Jointly and severally liable

**A.**                                    **FACTS**

1. This law suit involves a large mortgage scam that has spread in the Mid-Atlantic which has bilked homeowners of millions of dollars of lost equity, threatens these families with imminent foreclosure, and involved the (sic) willful participation of so-called real estate professionals- including in this case licensed mortgage brokers, realtors, title insurance companies , lawyers, and settlement agents- who orchestrated the whole scheme.

2. Hundreds of Maryland, Virginia and the District Of Columbia families and Willingham , who thought they had entered into contracts to save their homes from foreclosure and or mortgage finance refinance transactions, did in fact enter into false and illegal contracts and facilitated by real estate professionals whose sole motive was to enrich themselves and their extravagant lifestyles at the expense of hard working citizens of the District of Columbia.

3. In this case as the others, (2,000 case alone in Prince Georges County) Willingham trusted the Defendants and was subject fraudulent and deceptive business practices jointly and severally by all the Defendants .

4. Roger Bell a real estate investor wannabe, also know as a "straw buyer" Who Willingham believes was paid to falsely use his credit to close on the sale of the Willingham residence. HUD documents were forged as the property was flipped.  The real estate professionals reduced their liability and created a false transaction on paper which appeared to be legitimate but was actually an elaborate scheme to defraud homeowners and the community. Bell prior to this law suited Quit claimed the property back to Willingham. At no time was the true yield explained to Bell at closing . The Mortgage Brokers received the yield spread premium and their unscrupulous conduct on the day of the closing was approved by the settlement agent attorney.

5. The negative impact for all homeowners in the District Of Columbia as a result of this scheme is that hundreds of homeowners will lose their homes and neighborhoods will lose millions in home values and impact entire neighborhoods.

2

## CHARGE I.          FRAUD

B. The Defendant , C&O Property Solutions is District of Columbia entity that advertises for distressed homeowners, acts as f foreclosure consultant and credit service business, arranges for straw purchasers to obtain title to residences during or incident to a proposed foreclosure proceeding based on representations to homeowners that it will help to repair their credit, arranges for those straw purchasers in an amount exceeding the defaulted mortgages on those properties, and the siphons off substantial amounts of the mortgages it arranges for itself and its co-conspirators. In other words , Defendant C.&O Property Solutions would arrange for mortgages for substantially more than was owed as in this case of Eighty Five Thousand, ($85,000.00) in false charges and fees at the closing. The C&O Solutions representatives stole the Plaintiff's equity. Plaintiff is in possession of the property at this time.

5. C&O Solutions is a sham entity which acts as an agent for the fraud with all parties including bought and paid for appraisers. E.K. Settlements a title company which acted in several closings for C&O Solutions as settlement agent and title agent in the foreclosure rescue scam transactions orchestrated by C&O Solutions and the affiliates and salesmen who received finders fees.

6. This case is about a well organized ands far reaching foreclosure rescue scheme designed by the defendants were improperly, unfairly and illegally enriched by the Defendants by willfully, systematically and uniformly taking illegal advantage of Willingham in this case. The Foreclosure Reversal Program was a criminal conspiracy

3

which was made up of an association in fact consisting of the individual defendants in this case. The Defendants have engaged in willful, systematic and widespread violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO). The Real Estate Settlement Procedures Act (RESPA). RICO provides protections against patterns of racketeering, which consist of the repeated violations of predicate acts which are criminal in nature including mail fraud and wire fraud.

RESPA is a consumer protection statute that regulates the settlement procedure in real estate transactions, which requires the consumers, both buyers and sellers, receive full disclosure at various times in the transaction, and which outlaws kickbacks or unearned fees as in this case and the true costs at the settlement table. Selected and identified settlement companies which were known to have overlooked the illegalities, E.K. Settlements were used in this outrageous scam. E.K. Settlements were well aware of the pending foreclosures prior to settlement or defaulted mortgages docketed against this Plaintiff's property. Irregularities and illegalities in transactions such as buyer's costs paid by sellers, and huge fees paid to C& O Property Solutions There was no ordinary prudence shown by the title company or its agents. Title company closed so many others similar loan that they had to know what was going on and stopped it. HUD forms were not correct and are subject to a $ 500,000.00 fine and a year in jail for all parties to the scam. The HUD documents showed large amounts of money going to C&O Property Solutions and were never reported to the IRS. (EXHIBIT 1 HUD 1) dated 4/04/06.

COUNT II

VIOLATION OF THE FERAL REAL ESTATE SETTLEMENT PROCEEDURES ACT
(RESPA) 12 U.S.C. § 2601, et seq.
ALL DEFENDANTS

4

7. Plaintiffs realleges and incorporates by reference the foregoing allegations.

8. Defendant jointly engaged in procuring and provided closing, title or settlement servicing concerning residential mortgage loans, including " federally related mortgage loans" as that phrase is defined by RESPA at 12 U.S.C §2602 and at 24 C.F.R. § 3500.2 (3), involving the named Plaintiff. There was never any proper disclosures made to Plaintiff in direct violation of the code. The specific violation of RESPA § 8 (a) ,12 U.S.C. § 2607 (a).

## COUNT III

### GROSS NEGLIGENCE
### (AGAINST EK SETTLEMENTS ONLY)

8. Plaintiffs reallege and incorporate by reference the fore going allegations.

9. E.K. Settlements had a duty and should have exercised due diligence but was captivated by the profits in the transaction they were to monitor and never inquired as to the obvious fees paid and who the real party who would suffer. The HUD 1 disbursements were fraud in fact and did comport with the obvious reality of the closing amounts and were willfully blind to them. They had a duty to perform as Plaintiff paid the fees. Their were obvious constructive notice of the outrageous irregularities and illegalities apparent in the transaction. The attorney willfully blinded herself along with the closing agent to the obvious illegalities in the transaction. As agents for the title company they acted in a wonton disregard for the rights of the Plaintiff and are subject to Respondeat Superior claims.

WHEREFORE , Willingham requests this Court award her $500,000.00 in

5

Compensatory damages, and $2,000,000.00 in Punitive damages and costs and attorney

fees in the amount of 25% and other fees such and further relief as the nature of this case
may require.

Respectfully submitted,

William S. Bach, Esquire
717 D. Street, NW # 400
Washington, DC. 20004
301-737-2930
Bar # 448392
Attorney For Plaintiff

| NAME OF BORROWER: | Roger Bell |
|---|---|
| ADDRESS: | 1907 Savannah Place, SE, Washington, DC 20020 |
| NAME OF SELLER: | Quinette M. Willingham |
| ADDRESS: | 1907 Savannah Place, SE, Washington, DC 20020 |
| NAME OF LENDER: | WMC MORTGAGE CORP. ISAOA |
| ADDRESS: | P.O. BOX 949, ORANGE, CA. 92856 |
| PROPERTY ADDRESS: | 1907 Savannah Place, SE, Washington, DC 20020 |

| SETTLEMENT AGENT: | EK Settlements, Inc., Telephon: 410-750-6062 Fax: 410-750-6091 |
|---|---|
| PLACE OF SETTLEMENT: | 10262 Baltimore National Pike, Ellicott City, MD 21042 |
| SETTLEMENT DATE: | 04/04/2006 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| Contract sales price | 220,000.00 | 401.  Contract sales price | 220,000.00 |
| Personal Property | | 402.  Personal Property | |
| Settlement charges to borrower (line 1400) | 11,415.89 | 403. | |
| | | 404. | |
| | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| | | 409. | |
| | | 410. | |
| | | 411. | |
| | | 412. | |
| GROSS AMOUNT DUE FROM BORROWER | 231,415.89 | 420. GROSS AMOUNT DUE TO SELLER | 220,000.00 |
| AMOUNTS PAID BY OR ON BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| Deposit or earnest money | | 501.  Excess Deposit (see instructions) | |
| Principal amount of new loans | 176,000.00 | 502.  Settlement charges to seller (line 1400) | 2,770.00 |
| Existing loan(s) taken subject to | | 503.  Existing loan(s) taken subject to | |
| | | 504.  Payoff:1004846554 | 119,701.04 |
| | | **IndyMac Bank** | |
| Amount Applied from 2nd Mort | 43,055.86 | 505. | |
| | | 506.  Security Escrow | 25,000.00 |
| | | **C & O Prop. Solutions** | |
| | | 507.  Consultant Fee | 30,000.00 |
| | | **C & O Prop. Solutions** | |
| | | 508.  C & O Prop. Solutions | 27,000.00 |
| | | **C & O Prop. Solutions** | |
| | | 509.  Collect Half Taxes Due | 223.72 |
| | | **DC Treasurer** | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| City/town taxes      04/01/06 to 04/04/06 | 9.14 | 510.  City/town taxes      04/01/06 to 04/04/06 | 9.14 |
| | | 513. | |
| | | 514. | |
| | | 515. | |
| | | 516. | |
| | | 517. | |
| | | 518. | |
| | | 519. | |
| TOTAL PAID BY/FOR BORROWER | 219,065.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 204,703.90 |
| CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| Gross amount due from borrower (line 120) | 231,415.89 | 601.  Gross amount due to seller (line 420) | 220,000.00 |
| Less amounts paid by/for borrower (line 220) | 219,065.00 | 602.  Less reduction amount due seller (line 520) | 204,703.90 |
| CASH FROM BORROWER | 12,350.89 | 603. CASH TO SELLER | 15,296.10 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you
negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.  The Contract Sales
that above constitutes the Gross Proceeds of this transaction.

are required by law to provide the settlement agent (Fed. Tax ID No: _____ ) with your correct taxpayer identification number. If you do not provide your co
IRS, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer in

____ - ____ - ____ / ____ - ____ / ____ _____ SELLER(S) SIGNATURE(S): _____ / _____ / _____

SELLER(S) NEW MAILING ADDRESS _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

PLAINTIFF'S EXHIBIT

| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | |
|---|---|---|---|---|
| 901. Interest From   04/04/2006 to 05/01/2006    @$    33.6088 /day    27 Days | | | | 907.44 |
| 902. Mortgage Insurance Premium for          to | | | | |
| 903. Hazard Insurance Premium for          to | | | | |
| 904. | | | | |
| 905. | | | | |

| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | |
|---|---|---|---|
| 1001. Hazard Insurance | mo. @ $ | /mo | |
| 1002. Mortgage Insurance | mo. @ $ | /mo | |
| 1003. City Property Taxes | mo. @ $ | 92.68 /mo | |
| 1004. County Property Taxes | mo. @ $ | /mo | |
| 1005. Annual Assessments | mo. @ $ | /mo | |
| 1009. Aggregate Analysis Adjustment | | | 0.00 | 0 |

| 1100. TITLE CHARGES | | |
|---|---|---|
| 1101. Settlement or closing fee | to EK Settlements, Inc. | 425.00 |
| 1102. Abstract or title search | to 1st Choice Abstracts, Inc. | 410.00 |
| 1103. Title examination | to EK Settlements, Inc. | 250.00 |
| 1104. Title insurance binder | to EK Settlements, Inc. | 50.00 |
| 1105. Document Preparation | to EK Settlements, Inc. | 150.00 |
| 1106. Notary Fees | to EK Settlements, Inc. | 50.00 | 30 |
| 1107. Attorney's fees | | |
| (includes above items No: | ) | |
| 1108. Title Insurance | to Stewart Title Guaranty Company | 959.00 |
| (includes above items No: | ) | |
| 1109. Lender's Policy | 176,000.00  - 440.00 | |
| 1110. Owner's Policy | 220,000.00  - 519.00 | |
| 1111. Courier Fee | to EK Settlements, Inc. | 95.00 | 25 |
| 1112. Procurement of Release | to EK Settlements, Inc. | | 275 |
| 1113. Judgment Search | to EK Settlements, Inc. | 20.00 | 20 |

| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
|---|---|---|---|
| 1201. Recording Fees Deed $ 52.50 | ; Mortgage $ 152.50 | ; Release $ | 205.00 |
| 1202. City Transfer Tax | Deed $2,420.00 | ; Mortgage $ | 2,420.00 |
| 1203. City Recordation Tax | Deed $2,420.00 | ; Mortgage $ | | 2,420 |
| 1204. Construction Tax | Deed $ | ; Mortgage $ | |
| 1205. | | | |

| 1300. ADDITIONAL SETTLEMENT CHARGES | | |
|---|---|---|
| 1301. Survey | to Duley and Associates, Inc. | 220.00 |
| 1302. Pest Inspection | | |
| 1303. | | |
| 1304. | | |
| 1305. | | |
| 1306. | | |
| 1307. | | |
| 1308. | | |

| 1400. TOTAL SETTLEMENT CHARGES | (enter on lines 103, Section J and 502, Section K) | 11,415.89 | 2,771 |
|---|---|---|---|

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Roge A. Bell_

Roger Bell

Dunelle M. Walingham

PLAINTIFF'S EXHIBIT

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE
UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION
CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18:
U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction.
I have caused or will cause the funds to be disbursed in accordance with this statement.

By: _____    _____
                                           DATE

A. **Settlement Statement**

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-0265 (exp. 2009)

| B. Type of Loan |
|---|
| 1. ☐FHA   2. ☐FmHA   3. ☒Conv. Unins.   6. File Number: 06-2563COP   7. Loan Number: 11518968   8. Mortgage Ins. Case Number |
| 4. ☐VA   5. ☐Conv. Ins. |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

TitleExpress Settlement System

D. NAME OF BORROWER: Roger Bell
ADDRESS: 1907 Savannah Place, SE, Washington, DC 20020

E. NAME OF SELLER: Quinetta M. Willingham
ADDRESS: 1907 Savannah Place, SE, Washington, DC 20020

F. NAME OF LENDER: WMC MORTGAGE CORP. ISAOA
ADDRESS: P.O. BOX 849, ORANGE, CA. 92856

G. PROPERTY ADDRESS: 1907 Savannah Place, SE, Washington, DC 20020

H. SETTLEMENT AGENT: EK Settlements, Inc., Telephone: 410-750-5062 Fax: 410-750-4091
PLACE OF SETTLEMENT: 10262 Baltimore National Pike, Ellicott City, MD 21042

I. SETTLEMENT DATE: 04/04/2006

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 220,000.00 | 401. Contract sales price | 220,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 11,415.86 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments for items paid by seller in advance* | | *Adjustments for items paid by seller in advance* | |
| 109. Credit Report | 9.55 | 409. | |
| 110. Processing | 1,095.00 | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 232,520.44 | **420. GROSS AMOUNT DUE TO SELLER** | 220,000.00 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | 176,000.00 | 502. Settlement charges to seller (line 1400) | 2,770.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff:1004946554 | 119,701.94 |
| | | IndyMac Bank | |
| 205. Amount Applied from 2nd Mort | 43,096.86 | 505. | |
| 206. | | 506. Reinstatement Payoff | 25,289.46 |
| | | C & O Prop. Solutions | |
| 207. | | 507. Consultant Fee | 22,125.00 |
| | | C & O Prop. Solutions | |
| 208. | | 508. Security Escrow | 27,000.00 |
| | | C & O Prop. Solutions | |
| 209. | | 509. Collect Half Taxes Due | 223.72 |
| | | DC Treasurer | |
| *Adjustments for items unpaid by seller* | | *Adjustments for items unpaid by seller* | |
| 210. City/town taxes   04/01/06 to04/04/06 | 9.14 | 510. City/town taxes   04/01/06 to04/04/06 | 9.14 |
| 213. | | 513. Title Fee | 100.00 |
| 214. Seller Concession 1st | 10,508.45 | 514. Seller Concession 1st | 10,508.45 |
| 215. Seller Concession 2nd | 1,692.50 | 515. Seller Concession 2nd | 1,692.50 |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 231,265.95 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 210,000.00 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 232,520.44 | 601. Gross amount due to seller (line 420) | 220,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 231,265.95 | 602. Less reduction amount due seller (line 520) | 210,000.00 |
| **303. CASH FROM BORROWER** | 1,254.49 | **603. CASH TO SELLER** | 10,000.00 |


PLAINTIFF'S EXHIBIT

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

QUINETTE WILLINGHAM
1907 Savanah Place, S.E.
Washington, DC 20020

*Plaintiff*

vs.

LITTON SERVICING COMPANY
4828 Loop Central Dr.
Houston, TX 77081-2226

Civil Action No. 0008270-07 R(RP)

*Defendant*

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

William S. Bach, Esq.

*Clerk of the Court*

Name of Plaintiff's Attorney

717 D. Street, N.W. #400

By _____

Address

Deputy Clerk

Washington, DC 20004

202-737-2930

Date 12-19-07

Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

AMERICAS*SERVICING*COMPANY
QUINETTE WILLINGHAM
1907 Savanah Place, S.E.
Washington, DC 20020

                                    Plaintiff

vs.

AMERICAN SERVICING COMPANY
P.O. BOX 1820
Newark New Jersey          Civil Action No. 0008270-07R(W)

                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

                                    *Clerk of the Court*

William S. Bach
_____
Name of Plaintiff's Attorney

717 D. Street  # 400
_____      By _____
Address Washington,                          Deputy Clerk

202-737-2_____
_____      Date  12-19-07
Telephone

COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL
PUEDE OBT [BIA, 500 INDIANA AVENUE, N.W., SALA JM 170
DISTRITO [ COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA
YOU MA' JM JM 170
AVENUE

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM

CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

QUINETTE WILLINHAM
1907 Savanah Place, S.E.
Washington, DC 20020

*Plaintiff*

vs.

E.K. Settlements, Inc.
10262 Baltimore National Pike
Ellicott City , MD 21042*Defendant*

Civil Action No. 0008270-07 $R(RP)$ _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

William S. Bach, Esq.
_____
Name of Plaintiff's Attorney

717 D. Street, NW # 400
_____
Address   Washington, DC 20004

202-737-2930
_____
Telephone

By _____
Deputy Clerk

Date  12-19-07

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(b)-456/May 83

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

QUINETTE WILLINGHAM
1907 Savanah Place , SE
Washington, DC 20020

*Plaintiff*

0006270-07A(RP)

vs.

Civil Action No. _____

C&O Property Solutions
14625 Baltimore Ave., # 185
Laurel, MD 20707

*Defendant*

## SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

William S. Bach, Esq.
_____
Name of Plaintiff's Attorney
717 D. Street, NW # 400
Washington, DC 20004
_____
Address

By _____
                Deputy Clerk

202-737-2930
_____
Telephone

Date  12-19-07

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

OUINETTE WILLINGHAM
1907 Savanah Place S.E.
Washington, DC 220020

*Plaintiff*

0008270-07 A(RP)

vs.

STEWART TITLE GUARANTY COMPANY
P.O. Box 2029
Houston, TX 77252

Civil Action No. _____

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

William S. Bach, Esq.

*Clerk of the Court*

Name of Plaintiff's Attorney
717 D Street, NW # 400
Washington, DC 20004

By _____

Address

Deputy Clerk

202-737-2930

Date  12/19/07

Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

OUINETTE WILLINGHAM
1907 Savanah Place, SE
Washington, DC 20020

*Plaintiff*

Civil Action No. 0008270-07 (RP)

vs.

WMC MORTGAGE CORPORATION
P.O. Box 949
Orange, California 92856

*Defendant*

## SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

William S. Bach, Esq.

_____
Name of Plaintiff's Attorney

717 D. Street, NW #400
Address    Washington, DC 20004

202-737-2930
_____
Telephone

*Clerk of the Court*

By _____
                   Deputy Clerk

Date ____12-19-07____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

QUINETTE WILLIAHGHAM

Case Number: _0008270-07 R(RP)_

vs

E.K.SETTLEMENTS COMPANY, Et al.

Date: _____

| | |
|---|---|
| *Name: (please print)* William S, Bach , Esquire | Relationship to Lawsuit<br>[x] Attorney for Plaintiff |
| Firm Name: William S. Bach Esq. | [ ] Self (Pro Se)<br>Other: _____ |
| Telephone No.: 202-737-2930    Six digit Unified Bar No.: 448392 | |

TYPE OF CASE:  [ ] Non-Jury          [x] 6 Person Jury          [ ] 12 Person Jury
Demand:$ 500,000.00          Other: $ 2,000,000.00 Punative

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**
- [ ] 01 Breach of Contract
- [ ] 02 Breach of Warranty
- [ ] 06 Negotiable Instrument
- [ ] 15 _____

- [ ] 07 Personal Property
- [x] 09 Real Property-Real Estate
- [ ] 12 Specific Performance

**COLLECTION CASES**
- [ ] 14 Under $25,000 Pltf. Grants Consent
- [ ] 16 Under $25,000 Consent Denied
- [ ] 17 OVER $25,000

**B. PROPERTY TORTS**
- [ ] 01 Automobile
- [ ] 02 Conversion
- [ ] 07 Shoplifting, D.C. Code § 27-102(a)

- [ ] 03 Destruction of Private Property
- [ ] 04 Property Damage

- [ ] 05 Trespass
- [ ] 06 Traffic Adjudication

**C. PERSONAL TORTS**
- [ ] 01 Abuse of Process
- [ ] 02 Alienation of Affection
- [ ] 03 Assault and Battery
- [ ] 04 Automobile-Personal Injury
- [ ] 05 Deceit (Misrepresentation)
- [ ] 06 False Accusation
- [ ] 07 False Arrest
- [ ] 08 Fraud

- [ ] 09 Harassment
- [ ] 10 Invasion of Privacy
- [ ] 11 Libel and Slander
- [ ] 12 Malicious Interference
- [ ] 13 Malicious Prosecution
- [ ] 14 Malpractice Legal
- [ ] 15 Malpractice Medical (including wrongful death)
- [ ] 16 Negligence-(Not Automobile, Not Malpractice)

- [ ] 17 Personal Injury -- (Not Automobile, Not Malpractice)
- [ ] 18 Wrongful Death (Not malpractice)
- [ ] 19 Wrongful Eviction
- [ ] 20 Friendly Suit
- [ ] 21 Asbestos
- [ ] 22 Toxic/Mass Torts
- [ ] 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

CV-496/July. 07

## INFORMATION SHEET,    Continued

**D. OTHERS**

**I.**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 04 Condemnation (Emin. Domain)
☐ 05 Ejectment
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf.
   Grants Consent
☐ 08 Quite Title
☐ 09 Special Writ/Warrants
   DC Code § 11 -941

☐ 10 T.R.O./Injunction
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment
☐ 17 Merit Personnel Act  (OEA)
   (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability
   24 Application to Confirm, Modify,
   Vacate Arbitration Award
   (D.C. Co   de § 16-4315)

☐ 25 Liens: Tax/Water Consent Granted
☐ 26 Insurance/Subrogation
   Under $25,000 Consent Denied
☐ 27 Insurance/Subrogation
   Over $25,000
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)
☐ 29 Merit Personnel Act (OHR)
☐ 30 Liens: Tax/Water Consent Denied

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
   Certificate

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
   Judgment [D.C. Code §
   2 -1802.03(h) or 32-1519(a)]
☐ 20 Master Meter (D.C. Code §
   42 -3301, et seq.)

☐ 21 Petition for Subpoena
   [Rule 28 -I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27 (a)(1)
   (Perpetuate Testimony)

_____        _____
Attorney's Signature                          Date

CV -496/July .07



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

QUINETTE WILLINGHAM
    Vs.
LITTON SERVICING COMPANY

C.A. No.    2007 CA 008270 R(RP)

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge GERALD I FISHER
Date:  December 19, 2007
Initial Conference: 9:30 am, Friday, March 21, 2008
Location:  Courtroom 519
        500 Indiana Avenue N.W.
        WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION
WASHINGTON, DC

QUINETTE WILLINGHAM,                )
                                    )
          Plaintiff,                )      Case No.: 2007-008270 R (RP)
                                    )
v.                                  )
                                    )
LITTON SERVICING COMPANY, et al.    )
                                    )
          Defendants.               )
                                    )

## MOTION FOR EMERGENCY ORDER OF COURT

NOW COMES Plaintiff, Quinette Willingham, by and through William S. Bach,

Esquire, and states as follows:

1. Plaintiff was the former owner of her home at 1907 Savannah, NE, Washington,

   DC 20020.

2. Plaintiff was a victim of equity skimming by the Defendants named in this case.

3. Property is scheduled for foreclosure on January 19th, 2008. Time is of the

   essence in this matter.

4. 4. The straw buyer in this scam has given Plaintiff a Quit Claim Deed and in order

   to record it, a fee of $4,000.00 is required by the Recorder of Deeds.

5. Plaintiff is employed and will make the mortgage payments to the mortgagee or

   the Court, if the Court Orders her to do so. Plaintiff has lost over $100,000.00 in

   equity due to this fraudulent scheme.

6. Section 28-3904 R of CPPA prohibits the making of unconscionable Contracts.

   WHEREFORE Plaintiff prays that the Court will permit her to file without the fee

at this juncture in order that she may fully litigate this case.

1

Respectfully submitted

/s / William S. Bach

_____

WILLIAM S. BACH, ESQUIRE
717 D Street, NW, Suite 400
Washington, DC 20004
(202) 737-2930

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**WASHINGTON, DC**

QUINETTE WILLINGHAM,      )
                                )     Case No.: 2007-008270 R (RP)
      Plaintiff,       )
                                )
v.                               )
                                )
LITTON SERVICING COMPANY, et al.  )
                                )
      Defendants.     )
                                )

## ORDER

It appears that the present Owner and Plaintiff is now in possession of her original property and subject to the wrongful equity stripping of her home. The basis of this lawsuit is fraud. In order to protect her home, Plaintiff must record a quick claim deed give to her by the straw buyer, Mr. Bell;

Plaintiff Quinette Willingham does not have the funds at this time to record the Instrument ($4,000.00) but can re-establish her ownership and is more than likely succeed in her lawsuit based on the facts in this matter.

WHEREFORE, it is ORDERED that the fees that are required to record her Quit Claim Dee, be waived until such time as the case is litigated in this Court, this _____ day of January, 2008.

_____
Judge, Superior Court of the District of Columbia

Copy:

William S. Bach, Esquire
717 D Street, NW, Suite 400
Washington, DC 20004

3





## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**QUINETTE WILLINGHAM**
                    *Plaintiff(s)*

            Vs                                    Case No.:  **2007 CA 008270 R(RP)**

**LITTON SERVICING COMPANY**
                    *Defendant(s)*

# ORDER

    **UPON CONSIDERATION** of the Plaintiff's Motion for Emergency Order of Court, it is this 24th day of January 2008 hereby

    **ORDERED** that the Plaintiff's Motion is **DENIED WITHOUT PREJUDICE.** This Court cannot determine from Plaintiff's Motion why the requested relief is warranted.

*Gerald I. Fisher*
_____
Judge Gerald I. Fisher

Copies to:

William Bach, 448392
*Counsel for Plaintiff*

155862

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

QUINETTE WILLINGHAM        *

       Plaintiff,        *        Case No.: 2007 CA 008270 R (RP)

v.        *        Next Event: Scheduling Conference
       *                         March 21, 2008

LITTON SERVICING COMPANY, et al.        *

       Defendants.        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT LITTON LOAN
### SERVICING, LP'S MOTION TO DISMISS

Defendant Litton Loan Servicing, LP ("Litton"), by counsel and pursuant to Rule 12(b), moves to dismiss the Complaint filed by Plaintiff Quinette Willingham ("Plaintiff"), and in support thereof states as follows:

1.      The Complaint alleges no misconduct by Litton and therefore fails to state a claim upon which relief can be granted.

2.      Count I of the Complaint fails to satisfy the requirements of Super. Ct. R. Civ. P. 9(b) for pleading a cause of action for fraud and therefore fails to state a claim upon which relief can be granted.

3.      For these reasons, which are more fully set forth in the accompanying memorandum, Plaintiff's Complaint should be dismissed without leave to amend as to Litton.

WHEREFORE, Litton hereby requests that the Court enter an order dismissing Plaintiff's Complaint without leave to amend as to Litton. A proposed order is submitted for this Court's consideration.

January 29, 2007

/s/    Gareth S. Smith
Daniel J. Tobin (Bar No. 434058)
    TobinDJ@ballardspahr.com
Gareth S. Smith (Bar No. 478870)
    SmithGS@ballardspahr.com
Ballard Spahr Andrews & Ingersoll, LLP
4800 Montgomery Lane, Seventh Floor
Bethesda, MD 20814-3401
(301) 664-6200 (telephone)
(301) 664-6299 (facsimile)
*Attorneys for Litton Loan Servicing, LP*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of January, 2008, a copy of the foregoing motion,

together with the memorandum in support, was served via the Court's electronic filing system

and via first-class mail, postage pre-paid on:

William S. Bach, Esq.
717 D Street, N.W., #400
Washington, D.C. 20004

Americas Servicing Company
P.O. Box 1820
Newark, New Jersey

EK Settlements, Inc.
10262 Baltimore National Pike
Ellicott City, MD 21042

C&O Property Solutions
14625 Baltimore Ave. #185
Laurel, MD 20707

WMC Mortgage Corporation
P.O. Box 949
Orange, California 92856

and

Stewart Title Guaranty Company
P.O. Box 2029
Houston, TX 77252

                               /s/   Gareth S. Smith
                               Gareth S. Smith

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| QUINETTE WILLINGHAM | * | |
| Plaintiff, | * | Case No.: 2007 CA 008270 R (RP) |
| v. | * | Next Event: Scheduling Conference |
| | * | March 21, 2008 |
| LITTON SERVICING COMPANY, et al. | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT LITTON LOAN SERVICING LP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Litton Loan Servicing, LP ("Litton"), through counsel, submits this memorandum of points and authorities in support of its motion to dismiss the Complaint filed by Plaintiff Quinette Willingham ("Plaintiff").

The Complaint fails to state a claim because it alleges no misconduct by Litton and does not satisfy the particularity requirements of Rule 9(b).

**I.     The Complaint contains no allegations of wrongful conduct, or any conduct whatsoever, on the part of Litton and therefore fails to state a claim against Litton upon which relief can be granted.**

Plaintiff's Complaint asserts two causes of action against all Defendants.     Count I purports to assert a cause of action for Fraud and Count II asserts a cause of action for Violation of the Federal Real Estate Settlement Procedures Act ("RESPA").[1]     While the Complaint is extremely confusing and severely lacking in clarity, it appears that both causes of action are

---

[1]     In addition, Count III asserts a claim for Gross Negligence against defendant E.K. Settlements only.

based on allegations that Plaintiff, who had been facing foreclosure, entered into a transaction to refinance her home, and that the refinancing arrangement was part of a "large mortgage scam" that caused her harm. The Complaint alleges various actions attributable to defendants C&O Property Solutions and E.K. Settlements, but it does not identify Litton nor make any allegation that Litton committed any acts – wrongful or otherwise – at issue in this case. In fact, the only reference to Litton in the Complaint appears in the caption; the substance of the Complaint is devoid of any mention of Litton whatsoever. As such, the Complaint fails to state a claim against Litton because it does not assert that Litton engaged in or participated in the wrongful conduct that allegedly caused Plaintiff's injuries.

## II.    Count I of the Complaint fails to satisfy the requirements for pleading a cause of action for fraud.

Rule 9(b) of the Superior Court Rules of Civil Procedure imposes specific pleading requirements for fraud claims:

> (b) Fraud, mistake, condition of the mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

The D.C. courts have held that this rule requires a plaintiff pleading fraud to "allege such facts as will reveal the existence of all the requisite elements of fraud." *E.g., Bennett v. Kiggins*, 377 A.2d 57, 60 (D.C. 1977). The necessary elements of fraud under D.C. law are as follows: (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) reasonable reliance on the representation by the plaintiff. *Id.* at 59; *Higgs v. Higgs*, 472 A.2d 875, 877 (D.C. 1984).

The Complaint includes no factual allegations pertaining to any of these elements. Plaintiff does not cite or identify any false statements made by Litton or other Defendants, nor

does the Complaint allege that Plaintiff relied on any statements. For this reason as well, Count I

fails to state a cause of action on which relief can be granted against Litton.

        WHEREFORE, Litton hereby requests that the Court enter an order dismissing

Plaintiff's Complaint without leave to amend as to Litton.

January 29, 2007

                       /s/   Gareth S. Smith
                     Daniel J. Tobin (Bar No. 434058)
                       TobinDJ@ballardspahr.com
                     Gareth S. Smith (Bar No. 478870)
                       SmithGS@ballardspahr.com
                     Ballard Spahr Andrews & Ingersoll, LLP
                     4800 Montgomery Lane, Seventh Floor
                     Bethesda, MD 20814-3401
                     (301) 664-6200 (telephone)
                     (301) 664-6299 (facsimile)
                     *Attorneys for Litton Loan Servicing, LP*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

QUINETTE WILLINGHAM                    *

       Plaintiff,                            *

v.                                     *    Case No.:  2007 CA 008270 R (RP)

                               *

LITTON SERVICING COMPANY, et al.       *

                               *

       Defendants.                           *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>ORDER</u>

    Upon consideration of Defendant Litton Loan Servicing, LP's Motion to Dismiss (the "Motion"), and for good cause having been shown, it is this \_\_\_\_\_ day of _____, 2008, hereby **ORDERED**:

    1.    The Motion be, and hereby is, GRANTED; and

    2.    This action shall be, and hereby is, DISMISSED without leave to amend as to defendant Litton Loan Servicing, LP.

                            _____

                            Judge
                            District of Columbia Superior Court, Civil Div.

Copies to:

Daniel J. Tobin, Esq.
Gareth S. Smith, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
4800 Montgomery Lane, 7th Floor
Bethesda, MD 20814-3401

William S. Bach, Esq.
717 D Street, N.W., #400
Washington, D.C. 20004

Americas Servicing Company
P.O. Box 1820
Newark, New Jersey

EK Settlements, Inc.
10262 Baltimore National Pike
Ellicott City, MD 21042

C&O Property Solutions
14625 Baltimore Ave. #185
Laurel, MD 20707

WMC Mortgage Corporation
P.O. Box 949
Orange, California 92856

Stewart Title Guaranty Company
P.O. Box 2029
Houston, TX 77252

# CIVIL COVER SHEET

*E08-197 RMC*

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Quinette Willingham    *1001* | Litton Servicing Company, et al. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William S. Bach, Esq.
717 D Street, N.W. #400
Washington, D.C. 20004
(202) 737-2930

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00197
Assigned To : Collyer, Rosemary M.
Assign. Date : 2/4/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

⊗ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

⊗ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

⊗ **E.** *General Civil (Other)*     **OR**     ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
⊗ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 U.S.C. 1332 Diversity of Citizenship and 28 U.S.C. 1331 RICO and RESPA

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ exceeds $75,000 Check YES only if demanded in compl: JURY DEMAND:  YES ☐  NO ☒ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE **February 4, 2008**   SIGNATURE OF ATTORNEY OF RECORD   *Ber SO*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.