IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINETTE WILLINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| LITTON SERVICING COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## WELLS FARGO BANK, N.A. d/b/a AMERICA'S SERVICING COMPANY'S MOTION TO DISMISS

The Court should dismiss this complaint against Wells Fargo Bank, N.A. d/b/a America's Servicing Company (hereinafter, "Wells Fargo") pursuant to Rule 12(b)(6) due to the Plaintiff's failure to state a claim upon which relief may be granted. The reasons for this motion are set forth in greater particularity in the accompanying Memorandum of Points and Authorities in Support of Wells Fargo's Motion to Dismiss.

Respectfully submitted,

/s/ Ben Selan
Amy S. Owen (Bar #411601)
Ben Selan (Bar #495232)
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

Counsel for Wells Fargo Bank, N.A. d/b/a
America's Servicing Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Motion to Dismiss was sent, this 4th day of February, 2008 via first class mail, postage prepaid, to the following:

William S. Bach, Esq.
717 D. Street, N.W. #400
Washington, D.C. 20004
Ph: (202) 737-2930
*Counsel for Plaintiff*

Daniel J. Tobin
Ballard Spahr Andrews & Ingersoll, LLP
7th Floor
4800 Montgomery Lane
Bethesda, MD 20814
Ph: (301) 664-6200
Fx: (301) 664-6299
*Counsel for Litton Servicing Company*

EK Settlements, Inc.
10262 Baltimore National Pike
Ellicott City, MD 21042

C&O Property Solutions
14625 Baltimore Avenue #185
Laurel, MD 20707

WMC Mortgage Corporation
P.O. Box 949
Orange, CA 92856

Stewart Title Guaranty Company
P.O. Box 2029
Houston, TX 77252

_____
Ben Selan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINETTE WILLINGHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LITTON SERVICING COMPANY, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. _____ |

### WELLS FARGO BANK, N.A. d/b/a AMERICA'S SERVICING COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

Wells Fargo Bank, N.A. d/b/a America's Servicing Company (hereinafter, "Wells Fargo"), by counsel, hereby requests that the Court dismiss this Complaint under Rule 12(b) (6) as Quinette Willingham (hereinafter, "the Plaintiff") has failed to state any claim against Wells Fargo.

**I.    Preliminary Statement**

The Complaint alleges Fraud (Count I) and Violation of the Real Estate Settlement Procedures Act ("RESPA") (Count II) against all Defendants and Gross Negligence (Count III) against EK Settlements arising out of transactions involving property located at 1907 Savannah Place S.E., Washington, D.C. (the "Property"), including the plaintiff's sale of the Property to Roger Bell by the plaintiff on or about April 4, 2007. Attached is the HUD statement which has been attached as Exhibit A to the Complaint.

The Complaint contains no allegations whatsoever regarding Wells Fargo, nor is Wells Fargo or America's Servicing Company identified in the Complaint other than in the caption.

**II.     Plaintiff's Fraud Count (Count I) Fails to State a Claim Against Wells Fargo**

Plaintiff is not permitted to allege conclusory allegations in a complaint for fraud. Rule 9 provides as follows:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Plaintiff has not met this requirement. As previously stated, the Plaintiff does not even identify Wells Fargo in its fraud count. Instead, the Plaintiff generally references "Defendants" as follows:

> 6. This case is about a w ell organized ands(sic) far reaching foreclosure rescue scheme designed by the Defendants…The Defendants have engaged in willful, systematic and widespread violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO).

There is nothing in the Complaint which suggests Wells Fargo is one of the defendants referenced, nor are there any specific facts or allegations from which one can draw any inference that the term "defendants" in this paragraph was intended to include Wells Fargo.

Plaintiff's reference to RICO also fails to meet the requirement for such a claim. By failing to properly allege "any particularized facts showing that [Wells Fargo has] committed any fraud or other predicate acts", the RICO claim must also fail. Prunte v. Universal Music Group, 484 F. Supp. 2d 32, 42 (D.C. Cir. 2007).

**III.    Plaintiff's RESPA Count (Count II) Fails to State a Claim Against Wells Fargo**

Plaintiff's RESPA Count against Wells Fargo should also be dismissed as it fails to contain any reference to Wells Fargo and fails to identify how Wells Fargo violated RESPA. While the heading for Count II references "Defendants", plaintiff's allegations in support of the RESPA claim are as follows:

> 8. Defendant jointly engaged in procuring and provided closing, title or settlement servicing concerning residential mortgage loans, including "federally related mortgage loans" as that phrase is defined by RESPA at 12 U.S.C. Section 2602 and at 24 C.F.R. Section 3500.2(3), involving the named Plaintiff.

> There was never any proper disclosures made to Plaintiff in direct violation of the code. The specific violation of RESPA Section 8(a), 12 U.S.C. Section 2607(a).

The section referenced is as follows:

> § 2607. Prohibition against kickbacks and unearned fees
>
> (a) Business referrals. No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan.

Plaintiff's conclusory allegation of a RESPA violation is insufficient. There are no allegations relating to Wells Fargo or any alleged involvement by Wells Fargo in the closing process, and no allegations relating to any disclosures due to Plaintiff who, based on the complaint and HUD exhibit, was the seller not the borrower in the transaction.

### IV.   Conclusion

Plaintiff has failed to state a claim against Wells Fargo Bank, N.A. d/b/a America's Servicing Company and therefore the Complaint should be dismissed with prejudice.

Respectfully submitted,

_____
Amy S. Owen (Bar #411601)
Ben Selan (Bar #495232)
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

Counsel for Wells Fargo Bank, N.A. d/b/a America's Servicing Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Memorandum of Points and Authorities in Support of Motion to Dismiss was sent, this 4th day of February, 2008 via first class mail, postage prepaid, to the following:

William S. Bach, Esq.
717 D. Street, N.W. #400
Washington, D.C. 20004
Ph: (202) 737-2930
*Counsel for Plaintiff*

Daniel J. Tobin
Ballard Spahr Andrews & Ingersoll, LLP
7th Floor
4800 Montgomery Lane
Bethesda, MD 20814
Ph: (301) 664-6200
Fx: (301) 664-6299
*Counsel for Litton Servicing Company*

EK Settlements, Inc.
10262 Baltimore National Pike
Ellicott City, MD 21042

C&O Property Solutions
14625 Baltimore Avenue #185
Laurel, MD 20707

WMC Mortgage Corporation
P.O. Box 949
Orange, CA 92856

Stewart Title Guaranty Company
P.O. Box 2029
Houston, TX 77252

_____
Ben Selan

| | | | | |
|---|---|---|---|---|
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | |
| 901. Interest From 04/04/2006 to 05/01/2006 | @$ 33.6088 /day | 27 Days | | 907.44 |
| 902. Mortgage Insurance Premium for | to | | | |
| 903. Hazard Insurance Premium for | to | | | |
| 904. | | | | |
| 905. | | | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | |
| 1001. Hazard Insurance | mo. @ $ | /mo | | |
| 1002. Mortgage Insurance | mo. @ $ | /mo | | |
| 1003. City Property Taxes | mo. @ $ | 92.68 /mo | | |
| 1004. County Property Taxes | mo. @ $ | /mo | | |
| 1005. Annual Assessments | mo. @ $ | /mo | | 0.00 |
| 1009. Aggregate Analysis Adjustment | | | | |
| 1100. TITLE CHARGES | | | | 425.00 |
| 1101. Settlement or closing fee | to EK Settlements, Inc. | | | 410.00 |
| 1102. Abstract or title search | to 1st Choice Abstracts, Inc. | | | 250.00 |
| 1103. Title examination | to EK Settlements, Inc. | | | 50.00 |
| 1104. Title insurance binder | to EK Settlements, Inc. | | | 150.00 |
| 1105. Document Preparation | to EK Settlements, Inc. | | | 50.00 |
| 1106. Notary Fees | to EK Settlements, Inc. | | | |
| 1107. Attorney's fees | | | | |
| (includes above items No: | | | | |
| 1108. Title Insurance | to Stewart Title Guaranty Company | | | 959.00 |
| (includes above items No: | | | | |
| 1109. Lender's Policy | 176,000.00 - 440.00 | | | |
| 1110. Owner's Policy | 220,000.00 - 519.00 | | | |
| 1111. Courier Fee | to EK Settlements, Inc. | | | 95.00 |
| 1112. Procurement of Release | to EK Settlements, Inc. | | | |
| 1113. Judgment Search | to EK Settlements, Inc. | | | 20.00 |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | 205.00 |
| 1201. Recording Fees Deed $ 52.50 | ; Mortgage $ 152.50 | ; Release $ | | 2,420.00 |
| 1202. City Transfer Tax | Deed $2,420.00 | ; Mortgage $ | | 2, |
| 1203. City Recordation Tax | Deed $2,420.00 | ; Mortgage $ | | |
| 1204. Construction Tax | Deed $ | ; Mortgage $ | | |
| 1205. | | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | | 220.00 |
| 1301. Survey | to Duley and Associates, Inc. | | | |
| 1302. Pest Inspection | | | | |
| 1303. | | | | |
| 1304. | | | | |
| 1305. | | | | |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| 1400. TOTAL SETTLEMENT CHARGES | (enter on lines 103, Section J and 502, Section K) | | | 11,415.89 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Roger A. Bell_
Roger Bell

Quinetta M. Willingham

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

By: _____ DATE

PLAINTIFF'S EXHIBIT

| AME OF BORROWER: | Roger Bell |
|---|---|
| ADDRESS: | 1907 Savannah Place, SE, Washington, DC 20020 |
| AME OF SELLER: | Quinette M. Willingham |
| ADDRESS: | 1907 Savannah Place, SE, Washington, DC 20020 |
| AME OF LENDER: | WMC MORTGAGE CORP. ISAOA |
| ADDRESS: | P.O. BOX 949, ORANGE, CA. 92856 |
| ROPERTY ADDRESS: | 1907 Savannah Place, SE, Washington, DC 20020 |
| ETTLEMENT AGENT: | EK Settlements, Inc., Telephon: 410-750-6062 Fax: 410-750-6091 |
| ACE OF SETTLEMENT: | 10262 Baltimore National Pike, Ellicott City, MD 21042 |
| TTLEMENT DATE: | 04/04/2006 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| Contract sales price | 220,000.00 | 401. Contract sales price | 220,000.00 |
| Personal Property | | 402. Personal Property | |
| Settlement charges to borrower (line 1400) | 11,415.89 | 403. | |
| | | 404. | |
| | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| | | 409. | |
| | | 410. | |
| | | 411. | |
| | | 412. | |
| GROSS AMOUNT DUE FROM BORROWER | 231,415.89 | 420. GROSS AMOUNT DUE TO SELLER | 220,000.00 |
| AMOUNTS PAID BY OR ON BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| Principal amount of new loans | 176,000.00 | 502. Settlement charges to seller (line 1400) | 2,770.00 |
| Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| | | 504. Payoff:1004846554 IndyMac Bank | 119,701.04 |
| Amount Applied from 2nd Mort | 43,055.86 | 505. | |
| | | 506. Security Escrow C & O Prop. Solutions | 25,000.00 |
| | | 507. Consultant Fee C & O Prop. Solutions | 30,000.00 |
| | | 508. C & O Prop. Solutions C & O Prop. Solutions | 27,000.00 |
| | | 509. Collect Half Taxes Due DC Treasurer | 223.72 |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| City/town taxes  04/01/06 to 04/04/06 | 9.14 | 510. City/town taxes  04/01/06 to 04/04/06 | 9.14 |
| | | 513. | |
| | | 514. | |
| | | 515. | |
| | | 516. | |
| | | 517. | |
| | | 518. | |
| | | 519. | |
| TOTAL PAID BY/FOR BORROWER | 219,065.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 204,703.90 |
| CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| Gross amount due from borrower (line 120) | 231,415.89 | 601. Gross amount due to seller (line 420) | 220,000.00 |
| Less amounts paid by/for borrower (line 220) | 219,065.00 | 602. Less reduction amount due seller (line 520) | 204,703.90 |
| CASH FROM BORROWER | 12,350.89 | 603. CASH TO SELLER | 15,296.10 |

ITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If yo
ence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales
I above constitutes the Gross Proceeds of this transaction.

required by law to provide the settlement agent (Fed. Tax ID No: _____ ) with your correct taxpayer identification number. If you do not provide your co
, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer

_____ / _____    SELLER(S) SIGNATURE(S) _____ / _____

R(S) NEW MAILING ADDRESS: _____

R(S) PHONE NUMBERS: _____

PLAINTIFF'S EXHIBIT

# A. Settlement Statement

U.S. Department of Housing and UD
OMB Approval No. 2502-0265 (expires 2009)

| B. Type of Loan | | | | | |
|---|---|---|---|---|---|
| 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ Conv. Unins. | 6. File Number 06-2563COP | 7. Loan Number 11516968 | 8. Mortgage Ins. Case Number |
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | TitleExpress Settlement System |

C. Note:

| D. NAME OF BORROWER: | Roger Bell |
|---|---|
| ADDRESS: | 1907 Savannah Place, SE, Washington, DC 20020 |
| E. NAME OF SELLER: | Quinette M. Willingham |
| ADDRESS: | 1907 Savannah Place, SE, Washington, DC 20020 |
| F. NAME OF LENDER: | WMC MORTGAGE CORP. ISAOA |
| ADDRESS: | P.O. BOX 849, ORANGE, CA. 92856 |
| G. PROPERTY ADDRESS: | 1907 Savannah Place, SE, Washington, DC 20020 |
| H. SETTLEMENT AGENT: | EK Settlements, Inc., Telephone: 410-750-6062 Fax: 410-750-6091 |
| PLACE OF SETTLEMENT: | 10282 Baltimore National Pike, Ellicott City, MD 21042 |
| I. SETTLEMENT DATE: | 04/04/2006 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | 220,000.00 | 401. Contract sales price | 220,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 11,415.89 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 109. Condo Assoc't | 9.55 | 408. | |
| 110. R Keeping | 1,095.00 | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 232,520.44 | 420. GROSS AMOUNT DUE TO SELLER | 220,000.00 |
| 200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan | 176,000.00 | 502. Settlement charges to seller (line 1400) | 2,770.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1004945454 | 119,701.94 |
| | | IndyMac Bank | |
| 205. Amount Applied from 2nd Mtg | 43,055.96 | 505. | 25,869.45 |
| 206. | | 506. Reinstatement Payoff | |
| | | C & O Prop. Solutions | 22,125.09 |
| 207. | | 507. Consultant Fee | |
| | | C & O Prop. Solutions | 27,800.00 |
| 208. | | 508. Security Escrow | |
| | | C & O Prop. Solutions | 223.72 |
| | | 509. Collect Half Taxes Due | |
| 209. | | DC Treasurer | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes 04/01/06 to 04/04/06 | 9.14 | 510. City/town taxes 04/01/06 to 04/04/06 | 9.14 |
| 213. | | 513. Title Fee | 100.00 |
| 214. Seller Concession 1st | 10,588.45 | 514. Seller Concession 1st | 10,588.45 |
| 215. Seller Concession 2nd | 1,592.30 | 515. Seller Concession 2nd | 1,592.50 |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 231,265.95 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 210,000.00 |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 232,520.44 | 601. Gross amount due to seller (line 420) | 220,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 231,265.95 | 602. Less reduction amount due seller (line 520) | 210,000.00 |
| 303. CASH FROM BORROWER | 1,254.49 | 603. CASH TO SELLER | 10,000.00 |


PLAINTIFF'S EXHIBIT