UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
**QUINETTE WILLINGHAM,**            )
                                    )
     **Plaintiff,**               )
                                    )
  **v.**                            )   Civil Action No. 08-197 (RMC)
                                    )
**LITTON SERVICING COMPANY,** *et al.*,)
                                    )
     **Defendants.**              )
_____)

## ORDER DIRECTING PLAINTIFF TO RESPOND TO MOTIONS TO DISMISS

Defendant Litton Loan Servicing, LP ("Litton"), by counsel, has filed a motion to dismiss the Complaint. *See* Dkt. # 7. On January 29, 2008, while this case was pending in the Superior Court of the District of Columbia, Defendant Litton filed the aforementioned motion to dismiss. Had this case remained in Superior Court, Plaintiff would have had until February 12, 2008 to file a response to the Motion. This case was removed to this Court on February 4, 2008. On February 4, 2008, Defendant American Servicing Company ("American") also filed a motion to dismiss the Complaint. *See* Dkt. #3. To date, Plaintiff has not filed a response to either motion to dismiss. Because resolution of the motions may dispose of the case, the Court advises the Plaintiff[1] of her obligations under the Federal Rules of Civil Procedure and the local rules of this Court. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Ham v. Smith*, 653 F.2d 628 (D.C. Cir. 1981).

---

[1] It appears that Plaintiff is proceeding with the assistance of counsel in this matter, but out of an abundance of caution, the Court issues this Order in case Plaintiff is no longer represented by counsel.

1

Plaintiff is advised that the Court will rule on the Defendant's motion taking into consideration the facts proffered by Plaintiff in his complaint, along with his response or opposition to the motion. Plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b). If Plaintiff fails to respond to the motion, the Court may grant the motion and dismiss the case. *Fox v. Strickland*, 837 F.2d at 509. In addition, Plaintiff's attention is directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party [by mail], 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6(e).

The Court may treat as conceded any motion not opposed within the time limits outlined above. Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined above. Thus, failure to respond to the Defendant's motion in this case carries with it the risk that the case will be dismissed.

Accordingly, it is hereby

**ORDERED** that Plaintiff shall file an opposition or other response to Defendants' motions to dismiss by **March 17, 2008**. If Plaintiff does not respond in a timely manner, the Court may treat the motions as conceded and summarily dismiss the case.

Date: March 5, 2008                                    /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge