IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINETTE WILLINGHAM | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION NO.: 1:08-CV-00197-RMC |
| | : |
| EK SETTLEMENTS, INC., et al. | : |
| | : |
| Defendant | : |

## MOTION TO DISMISS

COMES NOW, EK Settlements, Inc., through counsel, Erik H. Nyce and the law firm of DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, hereby requests the Court dismiss this Complaint under Rule 12(b) (6) as Quinette Willingham (hereinafter, "the Plaintiff") has failed to state any claim against EK Settlements, Inc. upon which relief may be granted. The reasons for this motion are set forth in greater particularity in the accompanying Memorandum of Points and Authorities in Support of EK Settlements' Motion to Dismiss.

    Respectfully submitted,

    DeCARO, DORAN, SICILIANO,
    GALLAGHER & DeBLASIS, LLP

    ____/s/erik h. nyce_____
    Erik H. Nyce (DC Bar 422164)
    4601 Forbes Boulevard, Suite 200
    Lanham, Maryland 20706
    301/306-4300
    Fax: 301/306-4988
    enyce@decarodoran.com
    Attorneys for Defendant, EK Settlements, Inc.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this <u>27</u> day of June, 2008, a copy of the foregoing Motion to Dismiss was forwarded, postage prepaid, via First Class mail, to the following:

William S. Bach, Esquire
717 D. Street, NW
Suite 400
Washington, DC 20004
**Counsel for Plaintiff**

Benje Allen Selan, Esquire
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, Virginia 22182
**Counsel for Defendant, America's Servicing Company**

C&O Property Solutions
14625 Baltimore Avenue, #185
Laurel, Maryland 20707

WMC Mortgage Corporation
P.O. Box 949
Orange, California 92856

Stewart Title Guaranty Company
P.O. Box 2029
Houston, TX 77252

                                          /s/erik h. nyce
                                          Erik H. Nyce
                                          Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUINETTE WILLINGHAM | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION NO.: 1:08-CV-00197-RMC |
| | : |
| EK SETTLEMENTS, INC., et al. | : |
| | : |
| Defendant | : |

### EK SETTLEMENTS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, EK Settlements, Inc., through counsel, Erik H. Nyce and the law firm of DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, hereby requests the Court dismiss this Complaint under Rule 12(b) (6) as Quinette Willingham (hereinafter, "the Plaintiff") has failed to state any claim against EK Settlements, Inc. upon which relief may be granted.

**I.  Preliminary Statement**

Plaintiff Quinette Willingham filed the above captioned case alleging fraud, gross negligence and violations under the Real Estate Settlement Procedure Act (RESPA) and the Racketeer Influenced and Corrupt Organizations Act (RICO).  For the following reasons, under Rule 9 (b) and Rule 12 (b)(6), this Defendant respectfully requests Plaintiff's claims be dismissed with prejudice.

**II.  Plaintiff's Fraud Count (Count I) Fails to State a Claim Against EK Settlements, Inc.**

It is not clear from the complaint that this count is filed with respect to EK Settlements, Inc. however for the purposes of this Motion, it is assumed that EK Settlements is included in this count.

-1-

> The components in this jurisdiction of a successful common law fraud claim are well-settled[.] Fraud is never presumed and must be particularly pleaded. It must be established by clear and convincing evidence, which is not equally consistent with either honesty or deceit. The essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation.

*Virginia Academy of Clinical Psychologists v. Group Hospitalization and Medical Services, Inc.,* 878 A.2d 1226, 1233 (D.C. 2005).

The plaintiff failed to plea with any particularity the elements of fraud and how, if at all, EK Settlements was alleged to have committed fraud. To plead fraud, the Plaintiff must a comply with Rule 9. Rule 9 (b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Fed. R. Civ. P. 9(b).

The Plaintiff fails this requirement absolutely. Plaintiff's charge is almost unintelligible and makes insufficient attempts at general and conclusory allegations. Plaintiff alleges errors in settlement forms but fails to specify what information was incorrect.

Furthermore, Plaintiff's included reference to RICO violations also fails as it does not properly allege specific facts in the above mentioned fraud claim. "[Plaintiff] has not properly alleged any particularized facts showing that defendants have committed any fraud or other predicate acts against him, and thus he fails to properly plead his RICO claim against those same defendants." Prunte v. Universal Music Group, 484 F. Supp. 2d 32, 42 (D.C. Cir. 2007).

Because Plaintiff's charge fails to allege specific acts constituting fraud, as required under

Rule 9 (b), it must be dismissed.

**III.     Plaintiff's RESPA Claim (Count II) Fails to State a Claim Against EK Settlements, Inc.**

Plaintiff's claims are riddled with factual and legal conclusions.  To be able to respond to particular allegations of her RESPA violations, the Defendant would need to know with reasonable specificity:

> 1.  What document, identified by specificity, and or a copy attached, was given, and, why that document is defective.
>
> 2.  What was not given to the Plaintiff and specifically what statute, rule or regulation required it be given.

In this count, Plaintiff references RESPA § 8 (a), 12 U.S.C. § 2607 (a), which states:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

Plaintiff's allegation contains no factual support regarding kickbacks, improper fees or items of value exchanged for referral.  Plaintiff's complaint against EK Settlements, Inc. for RESPA violations is entirely insufficient and fails to state a claim upon which relief can be granted and must be dismissed.

**IV.     Plaintiff's Gross Negligence Claim (Count III)  Fails to State a Claim Against EK Settlements, Inc.**

A settlement agent has a duty to deal fairly with all parties involved in the transaction.

Aronoff v. Lenkin Co., 618 A.2d 669, 687 (D.C. Ct. App. 1992) (referencing Keith v. Berry, 64 A.2d 300, 302-03 (D.C. 1949). Defendant can find no law of the District of Columbia that imposes an enhanced duty upon closing agents to investigate the underlying motivations of the parties involved in the transaction and EK Settlements, Inc. undertook no such task. At no time was EK Settlements, Inc. employed to analyze or approve the transaction or make subjective recommendations to the parties involved.

Gross negligence is an "extreme departure from the ordinary standard of care.'" Wagner v. Pro, 195 U.S. App. D.C. 423, 428 (D.C. 1997) (quoting W. Prosser, Law of Torts § 8, at 31 (1971). No conduct approaching the standard for gross negligence has been plead in this case. The Court of Appeals in the District of Columbia indicates that gross negligence exists when there is "such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscience indifference for the safety of others." Dist. of Columbia v. Walker, 689 A.2d 40, 44 (DC 1997).

Plaintiff fails entirely to allege an extreme departure from a standard of care by EK Settlements, Inc., let alone the breach of an ordinary duty which was the proximate cause of Plaintiff's alleged injury. As such, the Plaintiff's Count of Gross Negligence also fails to state a claim upon which relief may be granted and this Defendant respectfully requests it be dismissed with prejudice.

## V. Conclusion and Request for Relief

Plaintiff has failed to state a claim against EK Settlements, Inc. upon which relief may be granted and therefore the Complaint should be dismissed with prejudice.

Respectfully submitted,
DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP


/s/erik h. nyce
Erik H. Nyce (DC Bar 422164)
4601 Forbes Boulevard, Suite 200
Lanham, Maryland 20706
301/306-4300
Fax:  301/306-4988
enyce@decarodoran.com
Attorneys for Defendant, EK Settlements, Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27 day of June, 2008, a copy of the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss was forwarded, postage prepaid, via First Class mail, to the following:

William S. Bach, Esquire
717 D. Street, NW
Suite 400
Washington, DC 20004
**Counsel for Plaintiff**

C&O Property Solutions
14625 Baltimore Avenue, #185
Laurel, Maryland 20707

WMC Mortgage Corporation
P.O. Box 949
Orange, California 92856

Stewart Title Guaranty Company
P.O. Box 2029
Houston, TX 77252

/s/erik h. nyce
Erik H. Nyce
Counsel for Defendant